People v Mial (2022 NY Slip Op 50447(U))

[*1]

People v Mial (Ashley)

2022 NY Slip Op 50447(U) [75 Misc 3d 132(A)]

Decided on May 13, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 13, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-42 Q CR

The People of the State of New York,
Respondent,
against
Ashley R. Mial, Appellant. 

Appellate Advocates (Priya Raghavan of counsel), for appellant.
Queens County District Attorney (Johnnette Traill, Ellen C. Abbot and Eunice Villantoy of
counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County
(Eugene M. Guarino, J.), rendered November 9, 2018. The judgment convicted defendant, upon a
jury verdict, of assault in the third degree, and imposed sentence.

ORDERED that the judgment of conviction is affirmed.
Defendant was charged with assault in the third degree (Penal Law § 120.00 [1]) and
harassment in the second degree (Penal Law § 240.26 [1]). At a jury trial, the complainant
testified that she and defendant, who were roommates, got into a verbal altercation and that
defendant "got in her face." The complainant further testified that she pushed defendant and then
went into her own bedroom, but that defendant followed the complainant into her bedroom and
began to beat the complainant about the face and head. As a result, the complainant was taken to
the hospital by ambulance, where she was treated for injuries to her head and shoulder. The
complainant also testified that she suffered from headaches and was unable to use her arm for
two months, that she was unable to work for a week, and that she was in considerable pain for
which she took medication. Defendant testified that she was not the initial aggressor and that it
was the complainant, who is bigger and stronger than defendant, who attacked her. 
The court instructed the jury on the defense of justification, stating, among other things, that
defendant would not have been justified if she had provoked the complainant. The jury found
defendant guilty of assault in the third degree.
Defendant's contention that the justification charge was improper is not preserved for
appellate review (see CPL 470.05 [2]). In any event, a person may not use physical force
upon another to defend herself when she is the initial aggressor (see Penal Law §
35.15 [1] [b]; People [*2]v Petty, 7 NY3d 277, 284-285
[2006]). Contrary to defendant's further contention, we find that the Criminal Court did not
commit reversible error by failing to charge that, for purposes of her justification defense, she
was under no duty to retreat. We note that even if that was error, it was harmless (see People
v Crimmins, 36 NY2d 230 [1975]).
Defendant's contention that the People failed to disprove her justification defense by legally
sufficient evidence is likewise unpreserved for appellate review (see CPL 470.05 [2];
People v Grey, 282 AD2d 544 [2001]). In any event, viewing the evidence in the light
most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find
that the evidence was legally sufficient to disprove the justification defense (see Penal
Law §§ 35.00, 35.15) beyond a reasonable doubt (see Penal Law § 25.00
[1]). Additionally, there is no basis to disturb the jury's credibility determinations, which
implicitly credited the testimony of the victim. The evidence warranted the conclusion that
defendant was the aggressor in the altercation (see People v Gaillard, 162 AD3d 1205 [2018]). Consequently, we
find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d
633, 643-646 [2006]).
Defendant's remaining contentions are either without merit or unpreserved for appellate
review.
Accordingly, the judgment of conviction is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 13, 2022